UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| e-LYNXX CORPORATION, | : | NO.: 1-10-cv-02535 |
| **Plaintiff** | : | |
| | : | **JUDGE CONNER** |
| v. | : | |
| | : | **MAGISTRATE JUDGE METHVIN** |
| INNERWORKINGS, INC., | : | |
| TAYLOR CORPORATION, | : | |
| RENT-A-CENTER, INC., | : | |
| DR. PEPPER SNAPPLE GROUP, | : | |
| INC., | : | |
| STAPLES, INC., | : | |
| R.R. DONNELLEY AND SONS | : | |
| COMPANY, | : | |
| NEWLINENOOSH, INC., | : | |
| THE STANDARD REGISTER | : | |
| COMPANY, | : | |
| QUADREM U.S., INC., | : | |
| EMPTORIS, INC., | : | |
| CIRQIT.COM, INC., and | : | |
| WILLIAMS LEA, INC., | : | |
| **Defendants** | : | |
| | : | |

REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
(Doc. 54)

In this patent-infringement case, plaintiff e-LYNXX Corporation seeks damages from

and permanent injunctions against defendants for directly or indirectly infringing on two

of its patents.

Defendants have filed a motion to dismiss.[1] The motion has been referred to the

_____

[1] Doc. 54.

2

undersigned magistrate judge for a report and recommendation[2] and is now ripe for

adjudication.[3] For the following reasons, it is recommended that the motion be granted.

### *Issues Presented*

Defendants seek dismissal based on several legal theories:

1. For the direct-infringement claims, plaintiff's allegations are conclusory and
   insufficient to state a claim.

2. For the induced-infringement claims, plaintiff failed to identify the direct
   infringers or to allege defendants' knowledge of the patents-in-suit.

3. For the contributory-infringement claims, plaintiff's allegations lack the
   necessary specificity to properly state a claim.

### *Findings and Conclusions*

## I. Facts of the case

The facts as recounted here are taken from the complaint and assumed to be true,

detailed only as necessary for disposition of the pending motion.

e-LYNNX holds two patents relevant to this case. The first, Patent No. 7,451,106 B1,

---

[2] On April 20, 2011, Judge Conner referred the motion to the undersigned magistrate
judge. (Doc. 90.) The Court has jurisdiction based on 28 U.S.C. § 1338(a), which grants
district courts original jurisdiction over civil actions relating to patents.

[3] Plaintiff initiated this suit on December 14, 2010, with the filing of its complaint. (Doc.
1.) On March 8, 2011, the Court entered a consent judgment and order approving the
settlement of plaintiff's claims against then-defendant PrintVision, Inc. and dismissing
PrintVision as a party. (Doc. 49.) The remaining defendants filed a motion to dismiss
(Doc. 54) and a brief in support (Doc. 55) on March 11, 2011. Plaintiff's brief in
opposition (Doc. 77) was filed March 28; defendants' reply brief (Doc. 89), April 14.

3

was issued on November 11, 2008.[4] The '106 patent is titled "System and Method for

Competitive Pricing and Procurement of Customized Goods and Services."[5] The system

described in the patent creates and maintains a database of vendors for certain goods,

manages bids and offers from vendors and buyers, and allows a buyer to select the lowest

bidder from the database's pool on a per-job basis.[6] The second patent, No. 7,788,143 B2,

was issued on August 31, 2010, and has a title identical to the '106 patent.[7] The '143

patent concerns a system similar to the one that the '106 patent protects.[8]

Paragraph 22 of the complaint contains a general averment of infringement against all

defendants:

> Upon information and belief, each and all of the Defendants have
> manufactured, made, marketed, sold, and/or used computer networks,
> systems, products and/or services comprising all of the elements and
> limitations of one or more of the claims of both the '106 Patent and the '143
> patent, and therefore each and all of the Defendants have infringed one or
> more claims of the '106 and '143 Patents; and/or have induced and/or
> contributed to the infringement of one or more of the claims of the '106 and
> '143 Patents by others.[9]

---

[4] Compl. ¶ 18, Doc. 1.

[5] Id.

[6] Id.

[7] Id. ¶ 20.

[8] Id.

[9] Id. ¶ 22.

4

The following twenty-five paragraphs of the complaint are primarily devoted to
mentioning specific infringing systems that each of the defendants uses, information most
easily summarized in a table:[10]

| Defendant | Infringing system |
| --- | --- |
| InnerWorkings | PPM4 |
| Rent-A-Center | Innerworking's PPM4 |
| Taylor Corporation | NowSource |
| Dr Pepper Snapple Group | Newline Noosh's Noosh |
| Staples | Taylor's NowSource |
| R.R. Donnelly & Sons | Global Document Solutions |
| NewlineNoosh | Newline Noosh |
| Standard Register | SmartWORKS |
| Quadrem | Emptoris's Emptoris Suite |
| Emptoris | Emptoris's Emptoris Suite |
| Cirqit | Cirqit eProcurement |
| Williams Lea | Immedia |

In each instance, the complaint says that the infringing systems that the companies use are
"by way of example only."[11]

---

[10] *Id.* ¶¶ 24–33, 35–36; Pl.'s Br. in Opp. to Defs.' Mot. to Dismiss 15 n.3, Doc. 77, at 15.

[11] Compl. ¶¶ 24–33, 35–36, Doc. 1.

## II. Standard of review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted. When considering a motion to dismiss, the court must "accept all [of the plaintiff's] factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). *See also Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1322–23 (2011) (applying the Rule 12(b)(6) standard).

The complaint must set forth sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The question is not whether the plaintiff will ultimately prevail, but whether the "complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002)).

Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must do more than present "bald assertions" and "legal conclusions." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *a plaintiff's obligation to provide*

> *the "grounds" of his "entitle*[*ment*] *to relief" requires more than labels*
> *and conclusions, and a formulaic recitation of a cause of action's*
> *elements will not do.* Factual allegations must be enough to raise a right
> to relief above the speculative level on the assumption that all the
> allegations in the complaint are true . . . .

*Twombly*, 550 U.S. at 555 (alteration in original) (emphasis added) (citations omitted).

Plaintiffs must nudge their claims "across the line from conceivable to plausible." *Id.* at

570. *See also Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)

(reviewing *Twombly*).

A plaintiff "armed with nothing more than conclusions" is not entitled to discovery.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Consequently, "where the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief,'"

and the complaint should be dismissed. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in

original).

The "plausible grounds" requirement "does not impose a probability requirement at

the pleading stage; it simply calls for enough fact to raise a reasonable expectation that

discovery will reveal evidence" supporting the plaintiff's claim for relief. *Twombly*, 550

U.S. at 556. Determining plausibility is "a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at

1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007), *rev'd on other grounds*,

129 S. Ct. at 1937).

7

The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

The Third Circuit has outlined a two-part analysis that courts should use when deciding a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may disregard any legal conclusions. Second, courts then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a "plausible claim for relief." *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1950) (internal quotation marks omitted). That is, a complaint must do more than allege the entitlement to relief; its facts must show such an entitlement. *Id.* at 211.

## III. Discussion

### (A) Direct infringement

#### (1) Pleading standard for direct-infringement claims

Defendants argue that the "plausibility" pleading standard announced in *Twombly* and developed in *Iqbal* applies to claims for direct infringement, imposing a greater specificity requirement on pleadings than had *Conley v. Gibson*, 355 U.S. 41 (1957). They primarily cite two cases in support of this proposition. The first case provides

8

questionable support at best, as the court did not discuss the level of detail needed in direct-infringement claims. *Best Med. Int'l, Inc. v. Accuray, Inc.*, No. 10-1043, 2010 WL 5053919 (W.D. Pa. Dec. 2, 2010). Although the *Best Medical* court gave a general (if also detailed) review of pleading standards under *Twombly* and *Iqbal*, its recitation of the elements of a direct-infringement claim relied on Form 18[12] and the leading Federal Circuit case on the matter, *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007). *Best Medical*, 2010 WL 5053919, at *4. The *McZeal* court, noting *Twombly*'s approval of Form 9, held that "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend"; compliance with Form 18 is enough. *McZeal*, 501 F.3d at 1356–57 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007)).

Defendants' second-cited case, *Anticancer, Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D. Cal. 2007), is more to their point. *Anticancer* held *Twombly* applicable to direct-infringement claims, such that plaintiffs must "demonstrate a plausible entitlement to relief" through "more detailed pleading" than under *Conley*. *Id.* at 282 (citing *Twombly*, 550 U.S. at 544; *Bartronics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532, 537 n.5 (S.D. Ala. 2007)). However, *Anticancer* is unpersuasive for several reasons. First, *Anticancer* was decided so soon after *Twombly* that no law-review articles addressing it had yet been published, and only one federal court had considered *Twombly*'s applicability to patent law. The lack of scholarly commentary and analogous case law, along with the mere four

---

[12] Form 18 is in the Appendix of Forms, part of the Federal Rules of Civil Procedure.

9

months that passed between *Twombly* and *Anticancer*, left the *Anticancer* court without

the benefit of well-developed post-*Twombly* jurisprudence. Second, *Anticancer* predates

*McZeal*, a decision with a contrary outcome decided by an appellate court particularly

well versed in patent law. Third, at least one other California federal court has explicitly

declined to follow *Anticancer. E.g.*, *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F.

Supp. 2d 1156, 1158–59 (C.D. Cal. 2010) (agreeing with the Federal Circuit and holding

that "a party alleging direct infringement need only comply with Form 18"). Finally, the

pleadings at issue in *Anticancer* were so threadbare that they likely would have been held

inadequate under any interpretation of notice pleading: "Each of the defendants has

directly infringed the [] Patent and has indirectly infringed the [] Patent by contributing to

or inducing direct infringements of the [] Patent by others." *Anticancer*, 248 F.R.D. at

282.

Fundamentally, the best reason for holding compliance with Form 18 adequate to

withstand a Rule 12(b)(6) motion is that Rule 84 specifically states: "The forms in the

Appendix suffice under these rules and illustrate the simplicity and brevity that these rules

contemplate." Since the Federal Rules cannot be changed by a judicial decision, Form 18

must necessarily demonstrate an acceptable way of stating a claim for direct infringement.

Accordingly, the best course is to agree with those courts that have come to this

conclusion. *E.g. McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356–57 (Fed. Cir. 2007);

*Phoenix Solutions*, 741 F. Supp. 2d at 1158–59; *Xpoint Techs., Inc. v. Microsoft Corp.*,

730 F. Supp. 2d 349, 350 (D. Del. 2010); *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, No. 09-481, 2010 WL 3155888, *2–3 (E.D. Tex. Mar. 29, 2010).

### (2) Application to this case

According to *McZeal* and *Best Med. Int'l, Inc. v. Accuray, Inc.*, No. 10-1043, 2010 WL 5053919 (W.D. Pa. Dec. 2, 2010), a properly stated claim for direct infringement of a patent has five elements: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has infringed the patent by "making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. *McZeal*, 501 F.3d at 1357; *Accuray*, 2010 WL 5053919, *4–5 (citing *Xpoint Techs.*, 730 F. Supp. 2d at 352, and *McZeal*, 501 F.3d at 1357).

Defendants argue that the dispositive issue is the complaint's failure to satisfy element (4), which requires the complaint to state explicitly that the plaintiff provided the defendant with prior written notice of its infringement.[13] Although *McZeal* makes notice a necessary element of a direct-infringement claim because Form 18 includes an allegation of notice, the undersigned recommends divergence from *McZeal* on this point.

The Eastern District of Virginia recently addressed direct-infringement claims with an an analysis that is both persuasive and applicable. *W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, — F. Supp. 2d —, 2011 WL 1541312 (E.D. Va. 2011). In that case, the

---

[13] Defs.' Br. in Supp. of Mot. to Dismiss 9, Doc. 55, at 10.

complaint included no allegation of notice; the defendants argued that the complaint

should consequently be dismissed. *Id.* at *8. The *Medtronic* court rejected this argument,

noting that regardless of the wording of Form 18, the direct-infringement statute itself

contains no notice requirement. *Id.*; *see* 35 U.S.C. § 271(a) (defining an infringer as one

who "without authority makes, uses, offers to sell, or sells any patented invention" and

omitting any reference to notice). By comparison, the section of the copyright statute

providing limitations on damages states that damages may only be recovered when "the

infringer was notified of the infringement and continued to infringe thereafter" and that

filing an action for infringement constitutes notice. *Medtronic*, 2011 WL 1541312, at *9;

35 U.S.C. § 287(a). The inclusion of a notice requirement in the section of the statute

addressing damages makes it clear that Congress did not accidentally leave a notice

requirement out of the section defining direct infringement. Because *McZeal* did not

address the distinctions between Form 18 and the copyright statute, Form 18 is not

authoritative on the notice requirement.

Furthermore, plaintiff rightly protests that defendants' "attempt to assert a lack of

notice" is "plainly feigned" and "disingenuous."[14] In late April or early May of 2009, e-

LYNXX sent letters to InnerWorkings, Taylor, R.R. Donnelley, NewlineNoosh, Standard

Register, and Emptoris notifying them of the infringement of the '106 patent and inviting

---

[14] Pl.'s Br. in Opp. to Defs.' Mot. to Dismiss 7, Doc. 77, at 7.

12

each company to discuss a licensing or outsourcing arrangement.[15]  On August 16, 2010,

e-LYNXX filed a complaint regarding this same matter in the United States District Court

for the Eastern District of Texas, against the same defendants, eventually voluntarily

dismissing that complaint and refiling in Pennsylvania in December 2010.[16] Meanwhile,

e-LYNXX has held substantive or at least preliminary discussions with each of the

defendants about the issues that the instant action raises.[17] Because all defendants have

had, as a practical matter, ample notice of their alleged infringement, their attempt to

assert lack of notice as a technical ground for dismissal can hardly be viewed as anything

but a dilatory tactic aimed at delaying a disposition on the merits of this dispute.

     As for the remaining four elements, defendants do not dispute that the complaint

adequately alleges jurisdiction,[18] a statement of ownership,[19] or a demand for an

injunction and damages,[20] but do argue that the allegations of infringement are

---

[15] Suder Decl. ¶ 3, Mar. 28, 2011, Pl.'s Exh. 1, Doc. 77-1, at 2, 3; Pl.'s Exh. 1-A, Doc. 77-1, at 6, 6–17 (reproducing the letters written in 2009 to the various defendants).

[16] Suder Decl. ¶ 4, Doc. 77-1, at 2, 3; Pl.'s Exh. 1-B, Doc. 77-1, at 19, 19–27 (reproducing the Eastern District of Texas complaint); Pl.'s Exh. 1-C, Doc. 77-1, at 28, 28 (reproducing plaintiff's notice of voluntary dismissal of the Eastern District of Texas complaint).

[17] Suder Dec. ¶ 6, Doc. 77-1, at 2, 4.

[18] Compl. ¶ 15, Doc. 1.

[19] *Id.* ¶¶ 18–21.

[20] *Id.* ¶¶ a–g.

13

insufficient under *Twombly* and *Iqbal*.[21] However, as Federal Rule of Civil Procedure 84

and *McZeal* both recognize, a simple statement of direct infringement, like that in Form

18, suffices to state a claim for direct infringement, and *Twombly* and *Iqbal* do not impose

a heightened or particularized standard of factual specificity for direct-infringement

claims. The complaint's statements that each defendant infringed e-LYNXX's patents

through the use or sale of computer systems or services, as well as the examples given of

which systems infringe the patents, are entirely adequate to state a claim. *See Xpoint*

*Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353 (D. Del. 2010) (indicating that

if a complaint "identif[ies] a general category of products," it should survive a motion to

dismiss); *Fifth Market, Inc. v. CME Grp., Inc.*, No. 08-520, 2009 WL 5966836, at *1 (D.

Del. May 14, 2009) (dismissing a complaint because none of the plaintiff's claims

"contain[ed] any reference to a single infringing product or method"); *Interdigital Tech.*

*Corp. v. OKI Am., Inc.*, 845 F. Supp. 276, 283 (E.D. Pa. 1994) ("Plaintiff need not

identify, in the complaint, specific products by name, so long as they are sufficiently

identified in some way."); *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 539 (E.D.

Tex. 2010) (emphasizing that description of infringing products must be "sufficient," but

identification of individual infringing products is unnecessary).

---

[21] Defs.' Br. in Supp. of Mot. to Dismiss 8–9, Doc. 55, at 9–10.

### (B) Indirect infringement

#### (1) Pleading standard for indirect-infringement claims

There are two kinds of indirect-infringement patent claims: claims for induced infringement and for contributory infringement. Form 18 provides an example of pleadings that sufficiently make out a claim for direct infringement, but neither this form nor any other purports to address claims for indirect infringement. As a result, federal courts have often held that *Twombly* and *Iqbal* demand more of indirect-infringement claims than of direct-infringement claims. *Elan Microelectronics Corp. v. Apple, Inc.*, No. 90-1531, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) (concluding that in reviewing indirect-infringement claims, a court "must apply the teachings of *Twombly* and *Iqbal*); *Best Med. Int'l, Inc. v. Accuray, Inc.*, No. 10-1043, 2010 WL 5053919, *4–5 (W.D. Pa. Dec. 2, 2010) (citing *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697–98 (Fed. Cir. 2008)). An indirect-infringement claim must be "plausible on its face," made so by providing "some greater specificity" in its allegations than claims for direct infringement. *Clear with Computers*, 2010 WL 3155888, at *4.

#### (2) Induced infringement

The patent-infringement statute states: "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C.A. § 271 (West 2011), *current version held unconstitutional as unseverable by Florida ex rel. Bondi v. U.S. Dep't of Health & Human Servs.*, — F. Supp. 2d —, 2011 WL 285683, *39 (N.D. Fla. 2011). A claim for

induced infringement has four elements: "(1) there was direct infringement by the induced party; (2) the inducer had knowledge of the asserted patents; (3) the inducer possessed specific intent [and] not merely . . . knowledge of the acts alleged' to induce; and (4) there was active inducement of the direct infringer." *Best Medical*, 2010 WL 5053919, *5 (citing *Medtronic Vascular, Inc. v. Boston Scientific Corp.*, 348 F. Supp. 2d 316, 323 (D. Del. 2004)); *accord DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006); *Ferguson/Beauregard/Logic Controls v. Mega Sys.*, 350 F.2d 1327, 1342 (Fed. Cir. 2003).

### (a) Allegation of direct infringement

Defendants argue that for each claim of indirect infringement, the complaint must identify a direct infringer. Although the case law indicates that *some* identification of the direct infringer is necessary, nothing suggests that individual direct infringers must be identified by name. *Oy Ajat, Ltd. v. Vatech Am., Inc.*, No. 10-4875, 2011 WL 1458052, *3–4 (D.N.J. Apr. 14, 2011). Identifying direct infringers as loosely as "customers" is sufficient. *Id.*; *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) (citing *Jansen v. Rexall Sundown, Inc.*, 342 F.3d 1329, 1334 (Fed. Cir. 2003)).

Plaintiff argues that the complaint specifically identifies underlying instances of direct infringement by alleging certain defendants' use of other defendants' systems — for

example, Rent-A-Center's use of Innerworkings' PPM4 system.[22] Not so. This argument

puts a gloss on the complaint's allegations that goes beyond what the complaint itself

contains. The complaint says only that each defendant "manufactures, has manufactured,

makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale,

distributes, and/or has distributed, systems, products, and/or services infringing one or

more claims of the '106 and '143 patents."[23] Such inclusive, catch-all wording fails to

allege the requisite relationship between a defendant's sale of a product and a third

party's directly infringing use of the product.

The complaint fails to make even a general identification of the alleged direct

infringers. Plaintiff must clearly allege facts and not leave defendants to guess at

plaintiff's meaning. Under *Twombly* and *Iqbal*, Rule 8(a)(2) requires more than a

threadbare recital of the elements of a cause of action. *Ashcroft v. Iqbal*, 129 S. Ct. 1927,

1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If the alleged

direct infringers are defendants' customers, the complaint must say so.

*(b) Defendant's knowledge of the patent-in-suit*

A claim for induced infringement requires an allegation that the inducer acted with

knowledge. The complaint contains no such allegations, and thus does not support claims

for past instances of indirect infringement. *Oy Ajat*, 2011 WL 1458052, *3; *Aguirre v.*

---

[22] Pl.'s Br. in Opp. to Defs.' Mot. to Dismiss 20–21, Doc. 77, at 20–21.

[23] *E.g.*, Compl. ¶ 25, Doc. 1.

*Powerchute Sports, LLC*, No. 10-0702, 2011 WL 2471299, *3 (W.D. Tex. June 17,

2011).Claims for induced infringement after it filed suit, however, do not require that

defendants have previously been put on notice of the allegedly infringed patents. *Oy Ajat*,

2011 WL 1458052, *3 (quoting *Schindler Elevator Corp. v. Otis Elevator Co.*, No. 09-

0560, 2010 WL 1032651, *10 (D.N.J. Mar. 16, 2010)).

*(c) Specific intent to induce infringement; active inducement*

Allegations of a defendant's specific intent to induce infringement are subject to a

"rigorous" standard. *Id.* at *2 (quoting *Best Med. Int'l, Inc. v. Accuray, Inc.*, No. 10-1043,

2010 WL 5053919, *6 (W.D. Pa. Dec. 2, 2010)). Liability for induced infringement

"requires more than just intent to cause the acts that produced direct infringement"; an

inducer "must have an affirmative intent to cause direct infringement." *DSU Med. Corp.*

*v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc). The complaint contains

no allegations in this vein, alleging only "acts that produced direct infringement." The

complaint is similarly devoid of allegations suggesting that any defendant actively

induced infringement.

*(d) Summation*

Dismissal of plaintiff's induced-infringement claims is appropriate because the

complaint fails to properly state one or more of the required elements for each such claim.

The complaint names no direct infringers vis-a-vis indirect infringement, it does not

allege defendants' pre-suit knowledge of plaintiff's patents, and it alleges neither specific

18

intent nor active inducement of infringement. Leave to amend is warranted because an amendment is not clearly futile and plaintiff has requested such leave.[24]

### (3) Contributory infringement

Subsection (c) of the patent-infringement statute describes the facts upon which a defendant may be held liable for contributory infringement:

> Whoever offers to sell or sells within the United States . . . a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C.A. § 271 (West 2011), *current version held unconstitutional as unseverable by Florida ex rel. Bondi v. U.S. Dep't of Health & Human Servs.*, — F. Supp. 2d —, 2011 WL 285683, *39 (N.D. Fla. 2011). Under § 271(c), a defendant has contributorily infringed if (1) it sold or offered to sell the infringing device or process in the United States; (2) the device or process had no substantial noninfringing uses; and (3) use of the device or process constituted direct infringement.

Plaintiff's complaint fails to allege even in conclusory fashion, let alone make plausible through specific factual averments, that any of the devices or processes that defendants offered for sale were capable of no substantial noninfringing uses. The

---

[24] Pl.'s Br. in Opp. to Defs.' Mot. to Dismiss 9, Doc. 77, at 9.

19

complaint states only that certain devices infringed the claims of plaintiff's patents; it does not show that those infringing uses were the only uses. As a result, dismissal of plaintiff's contributory-infringement claims is appropriate.

## IV. Conclusion

Based on the foregoing discussion, it is recommended that this Court DENY defendants' motion to dismiss as to plaintiff's direct-infringement claims, GRANT it as to plaintiff's indirect-infringement claims, and give plaintiff leave to amend its complaint.

Signed on July 26, 2011.

_____

MILDRED E. METHVIN
UNITED STATES MAGISTRATE JUDGE